UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JIN M. CAO, LI F. LI, XIAN H. ZHUANG,           :
GWEE MIN, SHI H. CHEN, SHAN X. CHEN,            :
ZHANG W. ZHANG, QUAN LIN, TANG X.               :
LI, YUN H. CHI, QI WENG, LEI LI, ZHEN J.        :
WENG, YI LIN, GUO X. WANG, QING L.              :
JIANG, YONG Q. LIN, ZENG X. HUANG, YI           :
L. DONG, YI P. WANG, GUO H. LIU, GUO            :
T. LIU, QUAN Z. LI, GUO X. LIU, TENG Y.         :
CHEN, and GENG D. WENG,                         :     **COMPLAINT**
                                                :
                    Plaintiffs,                 :     **ECF CASE**
                                                :
                  - against -                   :     **08 Civ.** 3725 (DC)
                                                :
WU LIANG YE LEXINGTON                           :
RESTAURANT, INC., WU LIANG YE 86                :
RESTAURANT, INC., WU LIANG YE U.S.A.,           :
INC., JIAN LI, a.k.a. JAMES LI, SUSAN LI,       :
STEVEN LO, JOHN ZHONG, TOM TAN, and             :
LIANG ZHANG, a.k.a. LIANG CHANG,                :
                    Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NATURE OF THE ACTION

1.      Plaintiffs, take-out delivery workers and waiters in New York City,

are current and former employees of Defendants, the companies and individual

officers, principals or agents that own, operate and manage various Wu Liang Ye

restaurants in New York City.

2.      Plaintiffs worked for Defendants at various times between 1995

and 2008.  Throughout the course of their employment, Plaintiffs regularly

worked as many as seven days a week, and as many as eighty-seven or more

hours each week, for wages that fell below the legal minimum wage and without

receiving overtime or spread of hours pay as required by law.

3.      Defendants did not inform Plaintiffs of their right to earn a minimum wage, overtime pay, or "spread of hours" compensation, nor of Defendants' obligation to compensate Plaintiffs for the cost of purchasing and maintaining equipment required for their employment and the right to retain gratuities earned.

4.      As stated herein, Plaintiffs state claims for Defendants' failure to pay the minimum wage, failure to pay overtime, failure to pay spread of hours compensation, failure to pay for the cost of purchasing and maintaining required equipment, and unauthorized deductions, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

6.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the unlawful events, acts and omissions complained of occurred in this District.

## PARTIES

8.      Plaintiffs worked as take-out delivery personnel and waiters for Defendants at two locations of the Wu Liang Ye restaurant, at 338 Lexington Avenue, New York, New York ("39th Street"), and at 215 East 86th Street, New York, New York ("86th Street").

PLAINTIFFS

9.      Plaintiffs include Jin M. Cao, Li F. Li, Xian H. Zhuang, Gwee Min, Shi H. Chen, Shan X. Chen, Zhang W. Zhang, Quan Lin, Tang X. Li, Yun H. Chi, Qi Weng, Lei Li, Zhen J. Weng, Yi Lin, Guo X. Wang, Qing L. Jiang, Yong Q. Lin, Zeng X. Huang, Yi L. Dong, Yi P. Wang, Guo H. Liu, Guo T. Liu, Quan Z. Li, Guo X. Liu, Teng Y. Chen, and Geng D. Weng.

10.     Plaintiffs worked as take-out delivery workers and waiters at 39th Street and 86th Street from November 1995 to present.

11.     All employees at the restaurants named above, including all Plaintiffs, were engaged in an industry affecting interstate commerce.

12.     At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the FLSA and New York Labor Law.  29 U.S.C. § 203(e); N.Y. Lab. Law § 651(5).

DEFENDANTS

*Corporate Defendants*

13.     Defendant Wu Liang Ye Lexington Restaurant, Inc. is a corporation organized and existing under the laws of the State of New York, with a principal executive office located at 338 Lexington Avenue, New York, New York.  At all times relevant to this action, Wu Liang Ye Lexington Restaurant, Inc. owned and operated a restaurant in New York City doing business under the trade name of Wu Liang Ye.  The chief executive officer of Wu Liang Ye Lexington Restaurant, Inc. is Defendant Jian Li.

14.     Defendant Wu Liang Ye 86 Restaurant, Inc. is a corporation organized and existing under the laws of the State of New York, with a principal

3

executive office located at 215 East 86th Street, New York, New York. At all times relevant to this action, Wu Liang Ye 86 Restaurant, Inc. owned and operated a restaurant in New York City doing business under the trade name of Wu Liang Ye. The chief executive officer of Wu Liang Ye 86 Restaurant, Inc. is Defendant Jian Li.

15.     Defendant Wu Liang Ye U.S.A., Inc. is a corporation organized and existing under the laws of the State of New York, with a principal executive office located at 215 East 86th Street, New York, New York. At all times relevant to this action, Wu Liang Ye U.S.A., Inc. owned and operated a restaurant in New York City doing business under the trade name of Wu Liang Ye. The chief executive officer of Wu Liang Ye U.S.A., Inc. is Defendant Jian Li.

16.     Upon information and belief, each of the corporate Defendants is or was at all relevant times a business or an enterprise engaged in interstate commerce with gross sales exceeding $500,000 per year, and the restaurants owned by the corporate Defendants purchase and handle, or purchased and handled, goods moved in interstate commerce.

*Individuals*

17.     Defendant Jian Li, also known as James Li, is or was at all relevant times the chairman, chief executive officer, and/or principal of various corporations that operate restaurants in New York City under the trade name Wu Liang Ye. Jian Li is a shareholder of Wu Liang Ye Lexington, Inc., Wu Liang Ye 86, Inc., and Wu Liang Ye U.S.A., Inc.

18.    Defendant Jian Li has the power to hire and fire employees, set wages and terms and conditions of employment and maintain employment records at all of the restaurants owned and/or operated by these corporations. He is sued in his individual capacity as Plaintiffs' employer.

19.    Upon information and belief, Defendant Susan Li is or was at all relevant times an officer, principal, and/or agent of various corporations that operate restaurants in New York City under the trade name Wu Liang Ye.

20.    Defendant Susan Li has the power to hire and fire employees, set wages and terms and conditions of employment and maintain employment records at all of the restaurants owned and/or operated by these corporations. She is sued in her individual capacity as Plaintiffs' employer.

21.    Upon information and belief, Defendant Steven Lo is or was at all relevant times an officer, principal, and/or agent of various corporations that operate restaurants in New York City under the trade name Wu Liang Ye.

22.    Defendant Lo has the power to hire and fire employees, set wages and terms and conditions of employment and maintain employment records at all of the restaurants owned and/or operated by these corporations. He is sued in his individual capacity as Plaintiffs' employer.

23.    Upon information and belief, Defendant John Zhong is or was at all relevant times an officer, principal, and/or agent of various corporations that operate restaurants in New York City under the trade name Wu Liang Ye. John Zhong is a shareholder of Wu Liang Ye Lexington, Inc.

24.　　Defendant Zhong has the power to hire and fire employees, set wages and terms and conditions of employment and maintain employment records at all of the restaurants owned and/or operated by these corporations. He is sued in his individual capacity as Plaintiffs' employer.

25.　　Upon information and belief, Defendant Tom Tan is or was at all relevant times an officer, principal, and/or agent of various corporations that operate restaurants in New York City under the trade name Wu Liang Ye. Tom Tan is a shareholder of Wu Liang Ye 86 Restaurant, Inc.

26.　　Defendant Tan has the power to hire and fire employees, set wages and terms and conditions of employment and maintain employment records at all of the restaurants owned and/or operated by these corporations. He is sued in his individual capacity as Plaintiffs' employer.

27.　　Upon information and belief, Defendant Liang Zhang, also known as Liang Chang, is or was at all relevant times the chairman, chief executive officer, and/or principal of various corporations that operate restaurants in New York City under the trade name Wu Liang Ye, and is a shareholder of Wu Liang Ye Lexington, Inc., Wu Liang Ye 86, Inc., and Wu Liang Ye U.S.A., Inc. Defendant Zhang is the chairman or chief executive officer of Wu Liang Ye 48 Restaurant, Inc., a corporation organized and existing under the laws of the State of New York, with a principal executive office located at 36 West 48th Street, New York, New York.

28.　　Upon information and belief, Defendant Zhang has the power to hire and fire employees, set wages and terms and conditions of employment and

6

maintain employment records at all of the restaurants owned and/or operated by these corporations. He is sued in his individual capacity as Plaintiffs' employer.

29.     Defendants were Plaintiffs' employers as that term is defined by the FLSA and New York Labor Law. 29 U.S.C. § 203(d); N.Y. Lab. Law § 651(6).

### STATEMENT OF FACTS

30.     Defendants own, operate, and/or manage restaurants in New York City at which Plaintiffs worked, including Wu Liang Ye at its 39th Street and 86th Street locations.

31.     Wu Liang Ye restaurants serve food to customers on the premises and provide take-out and delivery service.

32.     Wu Liang Ye restaurants are part of the "restaurant industry" within the meaning of New York Labor Law because each is an eating and drinking place that prepares and offers food and beverages for human consumption on its premises with catering and delivery services available to the public. 12 NYCRR § 137-3.1.

33.     At all times relevant to this action, Plaintiffs were employed at at least one of the Wu Liang Ye restaurants, and were Defendants' employees within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(e); N.Y. Lab. Law §§ 2(5), 2(6), 190(2), 190(3), 651(5).

34.     Plaintiffs held the position of "delivery person" or "waiter" while employed by the Defendants. Delivery persons at restaurants owned by the corporate defendants normally deliver orders of food from the restaurant premises

to locations off of the premises, such as customers' homes and places of business. Waiters serve food to customers on the restaurant premises.

## MINIMUM WAGE

35.     Both the federal Fair Labor Standards Act and New York Labor Law require that employees be paid a minimum wage.  29 U.S.C. § 206; N.Y. Lab. Law § 652.

36.     Plaintiffs worked 5 to 7 days per week and were scheduled to work 4 to 12.5 hours a day.

37.     Plaintiffs were regularly required to work before or past their scheduled hours and were not paid for the extra time they worked.

38.     Plaintiffs were paid in cash.  Beginning in or about January 2008, Plaintiffs were paid weekly, by check.  Plaintiffs were paid a monthly sum of $300 to $1900, depending on, among other factors at the discretion of Defendants, the hours they worked.

39.     These payments to Plaintiffs effectively resulted in an hourly wage below the minimum wage required under the FLSA and New York Labor Law.

40.     Under the FLSA, employers are permitted to credit the tips received by their tipped employees towards the satisfaction of their minimum wage obligations to their employees, but only if employers notify these "tipped employees" of the FLSA provisions regarding their minimum wage obligations and the "tip credit" that may apply to tipped employees, and only if the employees retain all of their tips.  29 U.S.C. § 203(m).

41.     Defendants are not legally entitled to claim a "tip credit" towards the satisfaction of their minimum wage obligations to Plaintiffs under the FLSA

because they at no time notified Plaintiffs of the provisions discussed above and also took a portion of Plaintiffs' tips. See infra ¶¶ 54-69.

42.    For some Plaintiffs, even if Defendants had notified them that they were tipped employees, Defendants at no relevant time period paid them the required tipped employee wages. 29 C.F.R. § 531.59; 29 U.S.C. § 203(m); 29 U.S.C. § 218; 12 NYCRR § 137-1.5.

43.    Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## OVERTIME PAY

44.    Federal and New York labor law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over 40 hours a week. 29 U.S.C. § 207; N.Y. Lab. Law § 650 et. seq., 12 NYCRR § 137-1.3.

45.    Plaintiffs regularly worked more than 40 hours per week, before or past their scheduled hours and were not paid for the extra time they worked.

46.    Defendants did not pay Plaintiffs overtime pay for their hours of work over 40 hours per week.

47.    Plaintiffs effectively were deprived of overtime pay as required under the FLSA and New York Labor Law.

48.    Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## SPREAD OF HOURS

49.    New York State Department of Labor Regulation § 137-1.7 provides that, if an employee is at work for 10 hours per day, then the employer is

9

required to pay the employee an extra hour of pay at the minimum wage. 12 NYCRR § 137-1.6. This spread of hours regulation is applicable even if there is a split shift. (A split shift is a "schedule of daily hours in which the working hours required or permitted are not consecutive." 12 NYCRR § 137-3.10.)

50.     Plaintiffs routinely worked more than ten hours per day, amounting to a spread of hours greater than ten hours per day.

51.     Plaintiffs worked days longer than ten hours per day, and Defendants never paid these Plaintiffs an extra hour's pay at minimum wage, in violation of New York state spread of hours regulations.

52.     Plaintiffs effectively were deprived of spread of hours pay as required under New York Labor Law.

53.     Defendants knowingly, intentionally and willfully committed the acts alleged herein.

<u>UNLAWFUL DEDUCTIONS AND GRATUITIES VIOLATIONS</u>

54.     The Fair Labor Standards Act prohibits employers from requiring employees to purchase the tools of their trade or give any money back to their employers, such that employees' resulting compensation falls below the minimum wage. 29 U.S.C. § 201 <u>et seq.</u>; 29 C.F.R. § 531.35.

55.     In addition, New York Labor Law prohibits any deductions from wages, other than standard deductions for taxes, deductions required by law, and deductions for the benefit of the employee that have been expressly agreed upon in writing by the employee. N.Y. Lab. Law § 193.

56.     New York Labor Law further prohibits an employer or his agent from demanding or accepting, "directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Lab. Law § 196-d.

57.     New York Labor Law also prohibits employers from receiving "kickbacks" from their employees. N.Y. Lab. Law § 198-b.

58.     Defendants regularly made unlawful deductions from Plaintiffs' wages and tips.

59.     Defendants took ten percent (10%) of all tips placed on credit cards from delivery workers and waiters.

60.     Defendants required waiters to remit 12 to 15 percent (12-15%) of all tips to be pooled and distributed to busboys. On at least one occasion, a busboy informed a Plaintiff that he never received any part of these pooled tips.

61.     Defendants required Plaintiffs to purchase and maintain bicycles in order to make deliveries. Plaintiffs had to pay for their own repairs and replacement bicycles. Defendants never reimbursed Plaintiffs for these costs.

62.     Defendants required waiters to purchase and launder uniforms to be worn in the restaurant. Defendants never reimbursed Plaintiffs for these costs.

63.     These deductions from Plaintiffs' wages and tips resulted in violations of FLSA and New York Labor Law.

64.     Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## FAILURE TO INFORM EMPLOYEES OF WAGE PROVISIONS, POST NOTICES, AND KEEP RECORDS AS REQUIRED BY LAW

65.     The Fair Labor Standards Act requires employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined.  29 U.S.C. § 203(m).

66.     Upon information and belief, Defendants willfully failed to inform Plaintiffs of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined pursuant to 29 U.S.C. § 203(m).

67.     The Fair Labor Standards Act and New York Labor Law require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime pay at a rate of one-and-one-half times their regular rate.  29 C.F.R. § 516.4; 12 NYCRR § 137-2.3.

68.     Upon information and belief, at all times relevant to this action, Defendants failed to provide, in a place accessible to employees and in a visually conspicuous manner, notice of an employee's rights to receive the minimum wage and overtime pay as required under the Fair Labor Standards Act and New York Labor Law.  Defendants also failed to display at all times relevant to this action a copy of sections 193 and 196-d of New York Labor Law regarding the prohibition of illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law.  N.Y. Lab. Law § 198-d.

69.     Defendants knowingly, intentionally and willfully committed the acts alleged herein.

KNOWING AND INTENTIONAL ACTS

70.     Defendants knowingly, intentionally and willfully committed the acts alleged herein.

71.     Defendants know that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure the Plaintiffs.

72.     Defendants never posted the required United States Department of Labor and New York State Department of Labor posters regarding minimum wage, overtime pay and tips.  29 U.S.C. § 203(m); 29 C.F.R. § 516.4; 12 NYCRR § 137-2.3; N.Y. Lab. Law § 198-d.

73.     Defendants knowingly and intentionally took unlawful deductions or kickbacks from Plaintiffs and portions of Plaintiffs' tips.

74.     Upon information and belief, Defendants failed to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability for their wage violations.

**CAUSES OF ACTION**

COUNT I

*Federal Minimum Wage and Overtime Violations*

75.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

76.     Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage and to pay overtime for their hours over forty hours a week, in violation of 29 U.S.C. § 201 et seq.

13

77.     Defendants have failed to make a good faith effort to comply with the Fair Labor Standards Act  with respect to compensation of Plaintiffs.

78.     Due to Defendants' violations of FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial.  29 U.S.C. § 216(b).

## COUNT II

*New York State Minimum Wage, Overtime, and Spread of Hours Violations*

79.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

80.     Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage, including overtime pay and spread of hours pay, in violation of N.Y. Lab. Law §§ 650 et seq. and related regulations and orders of the New York State Department of Labor.

81.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

82.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime and spread of hours compensation, and an amount equal to one quarter of their unpaid compensation in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law.  N.Y. Lab. Law § 663.

14

<u>COUNT III</u>

*Equipment Purchase & Maintenance under the Fair Labor Standards Act*

83.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

84.     Defendants willfully and intentionally required Plaintiffs to purchase and maintain bicycles and uniforms required for Defendants' work, such that Plaintiffs were deprived of the minimum wage and overtime pay, in violation of 29 U.S.C. § 201 <u>et</u> <u>seq.</u> and 29 C.F.R. § 531.35.

85.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

86.     Due to Defendants' violations of FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages equal to the amount paid for the purchase and maintenance of bicycles required for Defendants' work, to the extent such payments cut into the minimum wage or overtime wages required, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to FLSA, all in the amount to be determined at trial.  29 U.S.C. § 216(b).

<u>COUNT IV</u>

*New York State Unlawful Deductions and Gratuities Violations*

87.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

88.     Defendants willfully and intentionally made unauthorized deductions from Plaintiffs' wages by requiring Plaintiffs to purchase and maintain

bicycles and uniforms required for Defendants work, in violation of N.Y. Lab. Law §§ 193(1) and 198-b and 12 NYCRR § 137-2.5.

89.    Defendants willfully and intentionally demanded, accepted, or retained gratuities received by employees, in violation of N.Y. Lab. Law § 196-d.

90.    Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation by Plaintiffs.

91.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to one quarter of their unauthorized deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in the amount to be determined at trial, pursuant to New York Labor Law.  N.Y. Lab. Law §§ 198, 663.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

(a)    Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b)    Awarding Plaintiffs unpaid minimum wages due under the FLSA and New York Labor Law;

(c)    Awarding Plaintiffs unpaid overtime compensation due under the FLSA and New York Labor Law;

16

(d)     Awarding Plaintiffs compensation for all spread of hours violations due under New York Labor Law;

(e)     Awarding Plaintiffs compensation for all unauthorized deductions under the FLSA and New York Labor Law;

(f)     Awarding Plaintiffs liquidated damages;

(g)     Awarding Plaintiffs pre-judgment and post-judgment interest;

(h)     Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

(i)     Awarding injunctive and such other relief as this Court deems is just and proper.

Dated: April 18, 2008

Respectfully submitted,

Kenneth Kimerling (KK-5762)
**ASIAN AMERICAN LEGAL
DEFENSE AND EDUCATION FUND**
99 Hudson Street
New York, New York 10013
212-966-5932

Jane H. Yoon (JY-0115)
Deepika Bains (DB-4935)
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, New York 10017
212-450-4000

*ATTORNEYS FOR PLAINTIFFS*