Hugh H. Mo (HM 0425)
Franklin K. Chiu (FC 0354)
THE LAW FIRM OF HUGH H. MO, P.C.
225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500
*Attorneys for Defendant Liang Zhang*
*s/h/a Liang Zhang a.k.a Liang Chang*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

| | |
|---|---|
| JIN M. CAO, LI F. LI, XIAN H. ZHUANG, GWEE MIN, SHI H. CHEN, SHAN X. CHEN, ZHANG W. ZHANG, QUAN LIN, TANG X. LI, YUN H. CHI, QI WENG, LEI LI, ZHEN J. WENG, YI LIN, GUO X. WANG, QING L. JIANG, YONG Q. LIN, ZENG X. HUANG, YI L. DONG, YI P. WANG, GUO H. LIU, GUO T. LIU, QUAN Z. LI, GUO X. LIU, TENG Y. CHEN, and GENG D. WENG, | : : : : : : : : : : 08 CIV. 3725 (DC) (HP) : : **ANSWER** : |
| Plaintiffs, | : : |
| -against- | : : |
| WU LIANG YE LEXINGTON RESTAURANT, INC., WU LIANG YE 86 RESTAURANT, INC., WU LIANG YE U.S.A., INC., JIAN LI, a.k.a JAMES LI, SUSAN LI, STEVEN LO, JOHN ZHONG, TOM TAN, and LIANG ZHANG, a.k.a LIANG CHANG, | : : : : : : |
| Defendants. | : |

-------------------------------------------------------------------- X

Defendant LIANG ZHANG s/h/a LIANG ZHANG, a.k.a LIANG CHANG, (hereinafter referred to as "this answering defendant"), by his attorneys, The Law Firm of Hugh H. Mo, P.C., as and for his Answer to the plaintiffs' Complaint, states as follows:

## (NATURE OF THE ACTION)

1.      Denies the allegations contained in paragraph "1" as they may relate to this answering defendant, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "1".

1

2.      Denies the allegations contained in paragraph "2" as they may relate to this answering defendant, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "2".

3.      Denies the allegations contained in paragraph "3" as they may relate to this answering defendant, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "3".

4.      Denies the allegations contained in paragraph "4" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "4", and refers all questions of law to a determination by this Court.

## (JURISDICTION AND VENUE)

5.      Denies the allegations contained in paragraph "5", and refers all questions of law to a determination by this Court.

6.      Denies the allegations contained in paragraph "6", and refers all questions of law to a determination by this Court.

7.      Denies the allegations contained in paragraph "7", and refers all questions of law to a determination by this Court.

## (PARTIES)

8.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8".

## (PLAINTIFFS)

9.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9".

10.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10".

11.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11", and refers all questions of law to a determination by this Court.

12.    Denies the allegations contained in paragraph "12" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "12", and refers all questions of law to a determination by this Court.

### (DEFENDANTS)

#### (Corporate Defendants)

13.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13".

14.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14".

15.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15".

16.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16", and refers all questions of law to a determination by this Court.

*(Individuals)*

17.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17".

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18".

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19".

20.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20".

21.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21".

22.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22".

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23".

24.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24".

25.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25".

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26".

27.     Objects to the form of plaintiffs' compound allegations contained in paragraph "27" for failure to comply with Fed. R. Civ. Proc. Rule 8(d)(1) and Rule 10(b), and further

4

objects to the general reference to "all relevant times," an undefined term. Without waiving said objections, this answering defendant denies the allegations contained in paragraph "27", except admits that he was the chairman or chief executive officer of nonparty Wu Liang Ye 48 Restaurant, Inc.

28.    Denies the allegations contained in paragraph "28", and refers all questions of law to a determination by this Court.

29.    Denies the allegations contained in paragraph "29" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "29", and refers all questions of law to a determination by this Court.

### (STATEMENT OF FACTS)

30.    Denies the allegations contained in paragraph "30" as they may relate to this answering defendant, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "30".

31.    Objects to the form of plaintiffs' allegations contained in paragraph "31" with respect to the general reference to "Wu Liang Ye restaurants," an undefined term. Without waiving said objection, this answering defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" as they may relate to the Wu Liang Ye restaurants where plaintiffs allegedly worked, *to wit*, 39th Street and 86th Street.

32.    Objects to the form of plaintiffs' allegations contained in paragraph "32" with respect to the general reference to "Wu Liang Ye restaurants," an undefined term. Without waiving said objection, this answering defendant denies having knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph "32" as they may relate to the Wu Liang Ye restaurants where plaintiffs allegedly worked, *to wit*, 39th Street and 86th Street, and refers all questions of law to a determination by this Court.

33.    Objects to the form of plaintiffs' allegations contained in paragraph "33" with respect to the general reference to "Wu Liang Ye restaurants," an undefined term. Without waiving said objection, this answering defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" as they relate to the Wu Liang Ye restaurants where plaintiffs allegedly worked, *to wit*, 39th Street and 86th Street, denies the remaining allegations as they may relate to this answering defendant, and refers all questions of law to a determination by this Court.

34.    Objects to the form of plaintiffs' compound allegations contained in paragraph "34" for failure to comply with Fed. R. Civ. Proc. Rule 8(d)(1) and Rule 10(b), and further objects the general reference to "Wu Liang Ye restaurants," an undefined term. Without waiving said objection, this answering defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" as they relate to the Wu Liang Ye restaurants where plaintiffs allegedly worked, *to wit*, 39th Street and 86th Street, and denies the remaining allegations as they may relate to this answering defendant.

(MINIMUM WAGE)

35.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35", and refers all questions of law to a determination by this Court.

36.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36".

6

37.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37".

38.    Denies the allegations contained in paragraph "38" as they may relate to this answering defendant, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "38".

39.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39", and refers all questions of law to a determination by this Court.

40.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40", and refers all questions of law to a determination by this Court.

41.    Denies the allegations contained in paragraph "41" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "41", and refers all questions of law to a determination by this Court.

42.    Denies the allegations contained in paragraph "42" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "42", and refers all questions of law to a determination by this Court.

43.    Denies the allegations contained in paragraph "43" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "43", and refers all questions of law to a determination by this Court.

(OVERTIME PAY)

44.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44", and refers all questions of law to a determination by this Court.

45.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45".

46.    Denies the allegations contained in paragraph "46" as they may relate to this answering defendant and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "46".

47.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47".

48.    Denies the allegations contained in paragraph "48" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "48", and refers all questions of law to a determination by this Court.

(SPREAD OF HOURS)

49.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49", and refers all questions of law to a determination by this Court.

50.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50".

51.    Denies the allegations contained in paragraph "51" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph "51", and refers all questions of law to a determination by this Court.

52.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52", and refers all questions of law to a determination by this Court.

53.    Denies the allegations contained in paragraph "53" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "53", and refers all questions of law to a determination by this Court.

<u>(UNLAWFUL DEDUCTIONS AND GRATUITIES VIOLATIONS)</u>

54.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54", and refers all questions of law to a determination by this Court.

55.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55", and refers all questions of law to a determination by this Court.

56.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56", and refers all questions of law to a determination by this Court.

57.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57", and refers all questions of law to a determination by this Court.

9

58.     Denies the allegations contained in paragraph "58" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "58", and refers all questions of law to a determination by this Court.

59.     Denies the allegations contained in paragraph "59" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "59", and refers all questions of law to a determination by this Court.

60.     Denies the allegations contained in paragraph "60" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "60", and refers all questions of law to a determination by this Court.

61.     Denies the allegations contained in paragraph "61" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "61", and refers all questions of law to a determination by this Court.

62.     Denies the allegations contained in paragraph "62" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "62", and refers all questions of law to a determination by this Court.

63.     Denies the allegations contained in paragraph "63" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph "63", and refers all questions of law to a determination by this Court.

    64.    Denies the allegations contained in paragraph "64" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "64", and refers all questions of law to a determination by this Court.

(FAILURE TO INFORM EMPLOYEES OF WAGE PROVISIONS,<br>POST NOTICES, AND KEEP RECORDS AS REQUIRED BY LAW)

    65.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65", and refers all questions of law to a determination by this Court.

    66.    Denies the allegations contained in paragraph "66" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "66", and refers all questions of law to a determination by this Court.

    67.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67", and refers all questions of law to a determination by this Court.

    68.    Objects to the form of plaintiffs' compound allegations contained in paragraph "68" for failure to comply with Fed. R. Civ. Proc. Rule 8(d)(1) and Rule 10(b). Without waiving said objections, this answering defendant denies the allegations contained in paragraph "68" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "68", and refers all questions of law to a determination by this Court.

69.    Denies the allegations contained in paragraph "69" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "69", and refers all questions of law to a determination by this Court.

## (KNOWING AND INTENTIONAL ACTS)

70.    Denies the allegations contained in paragraph "70" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "70", and refers all questions of law to a determination by this Court.

71.    Denies the allegations contained in paragraph "71" as they may relate to this answering defendant, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "71".

72.    Denies the allegations contained in paragraph "72" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "72", and refers all questions of law to a determination by this Court.

73    Denies the allegations contained in paragraph "73" as they may relate to this answering defendant, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "73".

74.    Denies the allegations contained in paragraph "74" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "74", and refers all questions of law to a determination by this Court.

## (CAUSES OF ACTION)

### (COUNT I)

*(Federal Minimum Wage and Overtime Violations)*

75.    As and for an answer to paragraph "75", this answering defendant realleges and incorporates by reference all of his answers and objections to the allegations in all preceding paragraphs as if fully set forth herein.

76.    Denies the allegations contained in paragraph "76" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "76", and refers all questions of law to a determination by this Court.

77.    Denies the allegations contained in paragraph "77" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "77", and refers all questions of law to a determination by this Court.

78.    Denies the allegations contained in paragraph "78" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "78", and refers all questions of law to a determination by this Court.

### (COUNT II)

*(New York State Minimum Wage, Overtime and Spread of Hours Violations)*

79.    As and for an answer to paragraph "79", this answering defendant realleges and incorporates by reference all of his answers and objections to the allegations in all preceding paragraphs as if fully set forth herein.

80.    Denies the allegations contained in paragraph "80" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "80", and refers all questions of law to a determination by this Court.

81.    Denies the allegations contained in paragraph "81" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "81", and refers all questions of law to a determination by this Court.

82.    Denies the allegations contained in paragraph "82" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "82", and refers all questions of law to a determination by this Court.

(COUNT III)

*(Equipment Purchase & Maintenance under the Fair Labor Standards Act)*

83.    As and for an answer to paragraph "83", this answering defendant realleges and incorporates by reference all of his answers and objections to the allegations in all preceding paragraphs as if fully set forth herein.

84.    Denies the allegations contained in paragraph "84" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "84", and refers all questions of law to a determination by this Court.

85.    Denies the allegations contained in paragraph "85" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph "85", and refers all questions of law to a determination by this Court.

86.    Denies the allegations contained in paragraph "86" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "86", and refers all questions of law to a determination by this Court.

### (COUNT IV)

*(New York State Unlawful Deductions and Gratuities Violations)*

87.    As and for an answer to paragraph "87", this answering defendant realleges and incorporates by reference all of his answers and objections to the allegations in all preceding paragraphs as if fully set forth herein.

88.    Denies the allegations contained in paragraph "88" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "88", and refers all questions of law to a determination by this Court.

89.    Denies the allegations contained in paragraph "89" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "89", and refers all questions of law to a determination by this Court.

90.    Denies the allegations contained in paragraph "90" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "90", and refers all questions of law to a determination by this Court.

91.    Denies the allegations contained in paragraph "91" as they may relate to this answering defendant, denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "91", and refers all questions of law to a determination by this Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

92.    Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

93.    The Court does not have subject matter jurisdiction over the causes of action set forth in plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

94.    Plaintiffs' Complaint fails to state the bases of the causes of action contained therein with sufficient particularity and specificity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

95.    Plaintiff's claims are the proximate result of the acts of third parties outside the knowledge or control of this answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

96.    Plaintiff has failed to join all necessary parties for the proper adjudication of this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

97.    Plaintiff's claims are barred by the appropriate Statute(s) of Limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

98.    Plaintiffs fail to state a claim for attorneys' fees or costs upon which relief can be granted.

### AS AND FOR A CROSS-CLAIM
### AGAINST ALL OTHER DEFENDANTS
### (the "Co-Defendants")

99.    If plaintiffs was caused to sustain the damages as alleged in the Complaint, said damages will have been sustained by reason of the culpable conduct by the Co-Defendants, and if this answering defendant is also found liable, then this answering Defendant will be entitled to be indemnified, in whole or in part, by the Co-Defendants, for the portion of the plaintiffs' damages which were caused by the culpable party named in this claim over, together with this answering defendant's attorneys' fees, costs of investigation and disbursements.

**WHEREFORE** Defendant LIANG ZHANG s/h/a LIANG ZHANG, a.k.a LIANG CHANG, respectfully prays that this Court dismiss plaintiffs' Complaint against him with prejudice, grant judgment on his Cross-Claim against the Co-Defendants, and award him reasonable attorneys' fees, costs and disbursements together with such other and further relief as this Court deems necessary and just.

Dated: New York, New York
       June 30, 2008

                                    THE LAW FIRM OF HUGH H. MO, P.C.


                                    By: Hugh H. Mo (HM 0425)
                                    Attorneys for Defendant
                                    LIANG ZHANG s/h/a LIANG ZHANG, a.k.a
                                        LIANG CHANG
                                    225 Broadway, Suite 2702
                                    New York, New York 10007
                                    (212) 385-1500
                                            17

## SERVICE LIST

Jane H. Yoon, Esq.
Davis Polk & Wardwell
Attorneys for Plaintiffs
450 Lexington Avenue
New York, New York 10017
(212) 450-4466

Wu Liang Ye Lexington Restaurant, Inc.
Defendant *Pro Se*
338 Lexington Avenue
New York, New York 10016

Wu Liang Ye U.S.A., Inc.
Defendant *Pro Se*
215 E.86th Street
New York, New York 10028

Susan Li
Defendant *Pro Se*
215 E.86th Street
New York, New York 10028

Tom Tan
Defendant *Pro Se*
215 E.86th Street
New York, New York 10028

Kenneth Kimmerling, Esq.
Asian American Legal Defense and Education
Fund
Attorneys for Plaintiffs
99 Hudson Street
New York, New York 10013
(212) 966-5932

Wu Liang Ye 86 Restaurant, Inc.
Defendant *Pro Se*
215 E.86th Street
New York, New York 10028

Jian Li, a.k.a James Li
Defendant *Pro Se*
338 Lexington Avenue
New York, New York 10016

John Zhong
Defendant *Pro Se*
338 Lexington Avenue
New York, New York 10016

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

*Index No.*             *Year 20* 08 CIV. 3725 (DC) (HP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIN M. CAO, *et al.*,

            PLAINTIFFS,

   -against-

WU LIANG YE LEXINGTON RESTAURANT, INC., *et al.*,

            DEFENDANTS.

## DEFENDANT LIANG ZHANG'S ANSWER

*Attorney(s) for*      Defendant LIANG ZHANG

*Office Address & Tel. No.:*
THE LAW FIRM OF HUGH H. MO, P.C.
225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* .............................................    Signature.............................................................................................

                         Print Signer's Name..............................................................................

*Service of a copy of the within*                               *is hereby admitted.*

*Dated:*

                         ...........................................................................................

                         *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*

NOTICE OF ENTRY   *entered in the office of the clerk of the within named Court on*          *20*

☐   *that an Order of which the within is a true copy will be presented for settlement to the*

NOTICE OF SETTLEMENT   *Hon.*                       *one of the judges of the within named Court,*
*at*
*on*                  *20*         *, at*            *M.*

Check Applicable Box

*Dated:*

                         *Attorney(s) for*

*To:*                                                 *Office Address & Tel. No.:*